UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-317-FDW

| ALQUAN MOSLEY, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| FNU WARREN, Sgt., | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

## I. BACKGROUND

At the time Plaintiff filed his § 1983 complaint he was a prisoner of the State of North Carolina who was convicted of felony breaking and entering (principal) on June 15, 2011. In his complaint, Plaintiff raises allegations of excessive force against the defendant stemming from an alleged incident occurring in August 2011. Plaintiff contends that the defendant caused him serious physical injury and that his rights under the Eighth Amendment have been violated.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or

1

delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III.  DISCUSSION

Plaintiff was a prisoner of the State of North Carolina at the time he filed his complaint and as such his pro se § 1983 complaint must satisfy to the mandatory requirements of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In North Carolina, State prisoners must complete a three-step administrative remedy procedure in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008).

In Plaintiff's complaint, he contends that he exhausted his administrative remedies although he did not submit any copies of the written grievances. (Doc. No. 1 at 2). On July 2, 2014, the Clerk entered an Order requiring Plaintiff to file a sworn statement that he has in fact exhausted his administrative remedies or submit copies of the written grievances within 20 days from entry of the Order. The Clerk also ordered the appropriate prison official to provide a certified copy of Plaintiff's prisoner trust account. (Doc. No. 4). In response to this Order, the North Carolina Department of Public Safety filed a response and informed the Court that Plaintiff had been released from custody on July 4, 2014. (Doc. No. 5). Since his release, Plaintiff has provided no information to the Court as to his present address nor has he provided any response to

the Clerk's Order requiring him to produce copies of his written grievances or an affidavit demonstrating exhaustion of administrative remedies and the time to do so has elapsed.

Based on the foregoing review of the record, the Court finds that Plaintiff has failed to demonstrate any proof that he has exhausted his administrative remedies as required by the Clerk's Order. Accordingly, this civil action will be dismissed without prejudice to his ability to refile the complaint and submit proof that he has fully exhausted his state administrative remedies.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: July 28, 2014

Frank D. Whitney
Chief United States District Judge